UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR'S LEVEL CHIEF OF INMATE APPEALS et al.,<br><br>Defendants. | No. ED CV 17-00592 SJO (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING FAC WITH LEAVE TO AMEND |

**I.**

**BACKGROUND**

In June 2015, Wondiyrad Kabede ("Plaintiff"), formerly a prisoner at Ironwood State Prison in Blythe, California ("Ironwood"), and currently a prisoner at Mule Creek State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Dkt. 1 ("Complaint"). In the Complaint, Plaintiff alleged that a false disciplinary violation resulted in the parole board denying his petition to advance his parole hearing. Id. at 2. He named as defendants the Ironwood State Prison Appeals Coordinator, the California Department of Corrections Secretary, and the Director's Level Chief of Inmates Appeals.

Plaintiff filed the original Complaint in the United States District Court for the Eastern District of California. In April 2016, that court dismissed the Complaint with leave to amend, finding that (1) it was unclear what constitutional violations were committed and by whom, (2) the Complaint did not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2), and (3) any challenge to Plaintiff's fact or duration of confinement needed to be brought in a habeas petition. See Dkt. 9.

In May 2016, Plaintiff filed a first amended complaint ("FAC"). Dkt. 12. The FAC names five defendants: (1) B. Friend, correctional counselor; (2) Sergeant W. Griffith; (3) Kendra Chambers, Ironwood State Prison Appeals Coordinator; (4) W. McCullough, Ironwood State Prison Appeals Coordinator; (5) R. L. Briggs, Chief of Director Level Appeals; and (6) Jeffrey Beard, former California Department of Corrections and Rehabilitation Secretary. FAC at 1-2. Like the original Complaint, the FAC was filed in the United States District Court for the Eastern District of California. On March 28, 2017, that court transferred the case to this Court because the allegations related to Plaintiff's confinement at Ironwood State Prison in this judicial district. See Dkt. 14.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC to determine whether the action is frivolous or malicious; fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.
## SUMMARY OF ALLEGATIONS

Like the original Complaint, the FAC is disjointed and rambling. To the best of the Court's understanding, Plaintiff alleges the following:

- Prison officials falsely accused Plaintiff of something so that his parole hearing would not be advanced;

2

- Plaintiff is in prison illegally;
- The California Parole Board Department is corrupt;
- "Sworn officials" have lied and stolen something from Plaintiff;
- Plaintiff was not subject to any rules violation reports ("RVRs") during the first eight years of his sentence;
- The State Board of Prison Terms kept Plaintiff "on parole two more years extra" past Plaintiff's discharge date, and also framed Plaintiff for second degree murder;
- Someone forced Plaintiff to take the "maximum sentence plea-bargain" and transferred him to San Quentin Reception Center, where he was given an RVR by "their confidential informant," at which point Plaintiff was put in administrative segregation and transferred to New Folsom Maximum Security;
- New Folsom prison officials gave Plaintiff 11 RVRs and then transferred Plaintiff to Pelican Bay Prison;
- Pelican Bay prison officials gave Plaintiff 11 RVRs to "jack up" his classification score and get him killed by gang members;
- At Pelican Bay Prison, someone forced Plaintiff to live with mentally ill inmates so that Plaintiff would be raped and killed; and
- The parole board denied Plaintiff "hearing and parole."

FAC at 3-5.

Attachments to Plaintiff's initial complaint shed light on some of his allegations. He attached an RVR dated June 29, 2012, filed by Friend at Ironwood State Prison, accusing Plaintiff of entering her office without permission. See Complaint at 12. He also attached a grievance he filed concerning the RVR, responses related to that grievance by Chambers, Briggs, and McCullough, and notes from the hearing on the RVR where Griffith served as the hearing officer. See id. at 5-22.

3

# III.
# STANDARD OF REVIEW

The Court's screening of the FAC is governed by the following standards: A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford Plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). The Court should grant leave to amend if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

## IV.
## DISCUSSION

Plaintiff fails to state sufficient facts under cognizable legal theories, and for the most part fails to state cognizable legal theories at all.

The FAC is entirely bereft of allegations against any of the named Defendants, making it subject to dismissal for this reason alone. To state a § 1983 claim, Plaintiff must allege that particular defendants personally participated in the alleged rights deprivations. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff makes no allegations at all against any of the Defendants.

Even incorporating the attachments to Plaintiff's initial Complaint, Plaintiff's claims fail for several reasons. Plaintiff does not explain how Griffith violated his constitutional rights simply by serving as a hearing officer. To the extent that Plaintiff wishes to hold supervisory personnel accountable for his

claims, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability, in the absence of a state law imposing such liability. See Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). A plaintiff must allege either (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Here, Plaintiff has done neither with respect to any of the supervisory defendants.

Nor does Plaintiff give the Court any facts that would enable it to evaluate Plaintiff's Eighth Amendment claim. He claims that prison officials have acted so that Plaintiff would be raped or killed by other inmates. He does not explain who these prison officials were, why he believes they intended that he be raped or killed, or when this occurred.

Nor has Plaintiff stated a cognizable legal theory with respect to the gravamen of the FAC—that a false RVR led to denial of his petition to advance his parole hearing. Plaintiff does not state a First Amendment retaliation claim, because he does not allege that the false RVR was issued in retaliation for any protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (setting out elements of retaliation claim). Plaintiff does not state an Eighth Amendment cruel and unusual punishment claim, because he has not (with respect to the false RVR) alleged that prison officials deprived him of humane conditions of confinement—only that they continued to confine him beyond when he believes he should have been released. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (noting that the Eighth Amendment prohibits using excessive physical force against prisoners and requires that officials provide humane conditions of confinement). Plaintiff does not state a Fourteenth Amendment due process claim, because "[a]s long

as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983." Harper v. Costa, No. 07-2149, 2009 WL 1684599, at *2 (E.D. Cal. June 16, 2009) (citing cases), subsequently aff'd, 393 F. App'x 488 (9th Cir. 2010); see also Muhammad v. Rubia, 453 F. App'x 751 (9th Cir. 2011) ("The district court properly dismissed [the plaintiff's] due process claim [brought under § 1983] because he received all of the process that he was due related to an allegedly false rules violation report, including written notice of the charges and a disciplinary hearing . . ."). In fact, based on Plaintiff's own attachments to the Complaint, it appears that he did receive notice of the charges and a hearing on the RVR. See Complaint at 13.

To the extent that Plaintiff challenges the duration or legality of his sentence, and "desires to challenge the Parole Board's reliance upon inaccurate information, he should make his claim in a petition for a writ of habeas corpus." Elliott v. United States, 572 F.2d 238, 239 (9th Cir. 1978); see also Swarthout v. Cooke, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. . . . When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts [on habeas review] will review the application of those constitutionally required procedures."); Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (citation omitted)).

///

///

## V.
## CONCLUSION

Because of the pleading deficiencies identified above, the FAC is subject to dismissal. Because it appears to the Court that some of the FAC's deficiencies are capable of being cured by amendment, it is dismissed with leave to amend. See Lopez, 203 F.3d at 1130-31 (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured by amendment). If Plaintiff still desires to pursue his claims against Defendants, he shall file a Second Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is strongly encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: April 21, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge